UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JEFFREY DONELL ROBINSON, | ) | Case No. SACV 06-1055 DDP(JC) |
| Petitioner, | ) ) | ORDER ADOPTING FINDINGS, CONCLUSIONS, AND |
| v. | ) ) | RECOMMENDATIONS OF UNITED STATES MAGISTRATE |
| JAMES A. YATES, | ) ) | JUDGE |
| Respondent. | ) ) | |

    Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus by a Person in State Custody (the "Petition"), all of the records herein, including the attached Report and Recommendation of United States Magistrate Judge, petitioner's objections to the Report and Recommendation ("Objections"), respondent's response to petitioner's Objections ("Respondent's Response"), and petitioner's response to Respondent's Response ("Petitioner's Response"). The Court has further made a *de novo* determination of those portions of the Report and Recommendation to which objection is made. The Court concurs with and adopts the findings, conclusions, and recommendations of the United States Magistrate Judge and overrules the Objections.

///

The Report and Recommendation appropriately focuses on petitioner's two remaining claims (enumerated as grounds three and four in the Petition) which allege that: (1) petitioner's sentence constitutes cruel and unusual punishment; and (2) petitioner's counsel in the underlying state case was ineffective in (a) having petitioner admit to a prior conviction that petitioner did not suffer; (b) failing to research the validity of the prior, without which petitioner could not have knowingly and intelligently waived his rights regarding the same; and (c) failing to argue that the sentence imposed constituted cruel and unusual punishment.[1]

Petitioner's Objections do not address the merits of the Report and Recommendation. Instead, the Objections, construed liberally, attempt to resurrect two unexhausted claims that this Court previously dismissed by order dated August 27, 2008 (Docket. No. 22) (the "Dismissed Claims").[2] See Objections at 1-2. The Dismissed Claims allege that the trial court violated petitioner's constitutional right

---

[1] As discussed further below, the Petition originally contained two additional unexhausted claims enumerated as grounds one and two, which this Court dismissed on August 27, 2008. (Docket No. 22). Petitioner subsequently sought, and was denied a stay of this action while he exhausted the following new and different claims: (1) imposition of an upper term sentence violated the Sixth Amendment; (2) imposition of multiple punishments for the same offense in a single proceeding violated the Double Jeopardy Clause and California Penal Code section 654; (3) petitioner's plea was involuntary because he was not informed of the actual maximum sentence that could be imposed; and (4) his appellate counsel was ineffective. (Docket Nos. 35, 39).

[2] Petitioner had advised the Court that he wanted to withdraw the two dismissed claims, stating:

> [P]etitioner is preparing a motion to withdraw the claims that the respondent states are unexhausted, the petitioner has researched claims 1 and 2 and believes that those claims has [sic] no merit and would not be successful. Thus, the petitioner is submitting a motion of withdrawal of claims 1 and 2 anyway.

See Memorandum of Points and Authorities in Support of the Petitioner's Motion filed on October 1, 2007 (Docket No. 23).

to due process by: (1) accepting petitioner's guilty plea without a factual basis; and (2) accepting petitioner's guilty plea which was not entered voluntarily or intelligently. (Objections at 1-2; see also Petition, Grounds One and Two). Petitioner asserts that the Dismissed Claims relate back to the original Petition and now seeks a stay of this action while petitioner seeks to exhaust the Dismissed Claims. (Objections at 5).[3]

To the extent petitioner is trying by his Objections to challenge the Court's August 27, 2008 Order dismissing the Dismissed Claims upon petitioner's own request, petitioner's challenge is procedurally improper and therefore is denied. A district court has discretion, but is not required, to consider evidence or claims presented for the first time in Objections to a Magistrate Judge's Report and Recommendation. See Brown v. Roe, 379 F.3d 742, 744-45 (9th Cir. 2002); United States v. Howell, 231 F.3d 615, 621-22 (9th Cir. 2000). If petitioner had any issues with the Court's August 27, 2008 Order, petitioner should have raised his issues by a motion for reconsideration and not by objections to the Report and Recommendation addressing petitioner's remaining claims.[4]

Moreover, to the extent petitioner is seeking to stay this action while he exhausts the two Dismissed Claims in state court, the Court finds that a stay is not warranted. In order for petitioner to later amend the Petition to add any newly

---

[3] Despite petitioner's claim to the contrary (see Petitioner's Response at 2), the Objections do not appear to object to the substance of the Report and Recommendation and its conclusion that petitioner's two properly-exhausted claims do not merit federal habeas relief. Petitioner does claim that he was not given a right to present his arguments concerning the two properly-exhausted claims. (Petitioner's Response at 2). The Court however had advised petitioner that petitioner would have 30 days from the date of the Answer to serve any Reply. See November 11, 2006 Order Governing Proceedings Involving Petition for Writ of Habeas Corpus by a Person in State Custody at ¶ 7 (Docket No. 3). As noted in the Report and Recommendation, petitioner did not file a Reply.

[4] Similarly, to the extent Petitioner's Response now appears to challenge the denial of a stay to exhaust additional claims (see supra note 1), such objection is untimely and procedurally improper.

exhausted claims, those claims must be: (1) exhausted prior to the expiration of the statute of limitations; or (2) relate back to the date of the original filing. For the same reasons set forth in the January 8, 2010 Order Denying Petitioner's Motion to Stay to exhaust other claims (see supra note 1), the Court finds that the statute of limitations for the two Dismissed Claims has run. Petitioner has not provided any evidence that he has filed any state petition relating to the judgment at issue for statutory tolling to apply, and petitioner has not shown that he has been pursuing his rights diligently and that some extraordinary circumstances have prevented him from exhausting the Dismissed Claims prior to this point for equitable tolling to apply. See Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (to be entitled to equitable tolling, litigant must establish that: (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way; citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); Lawrence v. Florida, 549 U.S. 327, 336 (2007); Porter v. Ollison, 620 F.3d 952, 959 (9th Cir. 2010).[5]

      To relate back, the newly exhausted claims must "[arise] out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). In Mayle v. Felix, 545 U.S. 644 (2005), the Supreme Court determined that a new claim in an amended habeas petition relates back to avoid a limitations bar, when the limitations period has run in the meantime, only when it arises from the same core of operative facts as a claim contained in the original petition. Mayle, 545 U.S. 644; Hebner v. McGrath, 543 F.3d 1133, 1134 (9th Cir. 2008), cert. denied, 129 S. Ct. 2791 (2009); Jackson v.

---

[5] Although petitioner alleges that he was denied law library access until mid-August 2006 (see Objections at 2-3), as the Court previously explained the statute of limitations on petitioner's claims did not commence to run until November 2006. See January 8, 2010 Order Denying Petitioner's Motion to Stay (Docket No. 45). Petitioner's general allegation that he has had limited law library access since that time and has been pursuing other cases are not the kind of "extraordinary circumstances" making it impossible for him to file his federal petition on time to warrant equitable tolling.

Roe, 425 F.3d 654, 660 n.8 (9th Cir. 2005).  In King v. Ryan, 564 F.3d 1133 (9th Cir.), cert. denied, 130 S. Ct. 214 (2009) the Ninth Circuit interpreted Mayle to require that the new claims relate back to claims *properly* contained in the original petition – that is, those claims that were exhausted at the time of filing.  King, 564 F.3d at 1143.

Here, it does not appear that the Dismissed Claims will relate back to the date of the filing of the Petition because they do not appear to arise from the same core of operative facts as the exhausted claims contained in the Petition.  Petitioner's exhausted claims allege that his sentence constituted cruel and unusual punishment and that his counsel was ineffective relative to petitioner's prior conviction and sentence.  (Petition at 6a-6b).  The Dismissed Claims, which assert trial court error relative to the acceptance of petitioner's guilty plea, do not appear to arise from these facts and involve distinctly different legal issues.  Compare Petition at 6; see also Hebner v. McGrath, 543 F.3d at 1134 ("it is not enough that the new argument pertains to the same trial, conviction or sentence").[6]

IT IS HEREBY ORDERED that Judgment be entered denying the Petition and dismissing this action with prejudice.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order, the United States Magistrate Judge's Report and Recommendation, and the Judgment herein on petitioner and on counsel for respondent.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: _August 31, 2011_

_____

HONORABLE DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE

---

[6]In any event, such claims appear to be lacking in merit as the record reflects that petitioner admitted a factual basis for his plea and that his plea was voluntary and intelligent.

5